1   HOWARD S FREDMAN, ESQ. (State Bar No. 046249)
    E-mail: hsflawyer@aol.com
2   FREDMAN | KNUPFER | LIEBERMAN, LLP
    1875 Century Park East, Suite 2200
3   Los Angeles, CA 90067
    Tel:  310/226-6796 Fax: 310/226-6797
4
5   Attorney for Defendant James Lee aka Weifeng Wu

6

7

8                     UNITED STATES DISTRICT COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10

11
    FALCON STAINLESS, INC., a          ) Case No. CV 10-4587 JHN (AJWx)
12  California corporation,            )
                                       ) **The Hon. Jacqueline H. Nguyen**
13                     Plaintiff,      )
                                       ) **DECLARATION OF HOWARD S**
14       vs.                           ) **FREDMAN AND REQUEST FOR**
                                       ) **JUDICIAL NOTICE IN**
15  LARSEN SUPPLY COMPANY, INC.        ) **SUPPORT OF MOTION BY**
    dba LASCO, a California corporation;) **DEFENDANT JAMES LEE AKA**
16  JAMES KEMP, an individual; JAMES   ) **WEIFENG WU FOR JUDGMENT**
    LEE aka WEIFENG WU, an individual; ) **ON THE PLEADINGS**
17  and DOES 1 through 10, inclusive,  ) **DISMISSING THIS ACTION**
                                       )
18                     Defendants.     ) **Hearing: May 16, 2011**
                                       ) **Time: 2:00 p.m.**
19                                     ) **Courtroom: 790, Roybal Bldg.**
                                       )
20                                     ) **[*Filed concurrently with Motion and*
                                       ) *Points and Authorities]*
21                                     )
                                       ) **Trial Date: August 23, 2011**
22  _____)

23       I, HOWARD S FREDMAN, declare as follows:

24       1.   I am an attorney licensed to practice before all of the courts of the

25  State of California and am duly admitted to practice before the U.S. District Court

26  for the Central District of California.  I am a partner in the law firm of FREDMAN|

27                                    -1-

28  _____
          ***Declaration of Howard S Fredman & Request for Judicial Notice***
              ***Re Motion by Wu for Judgment on the Pleadings***

KNUPFER │ LIEBERMAN, LLP, and have been counsel of record for Defendant James Lee aka Weifeng Wu ("Wu") at all times.

2.      I make this declaration in support of Wu's Motion for Judgment on the Pleadings Dismissing this Action as to Wu, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  I have personal knowledge of the facts set forth below, and if called as a witness I could and would testify competently to these facts.

3.      This shall also be treated as a Request for Judicial Notice pursuant to Rule 201 of the Federal Rules of Evidence, as it seeks judicial notice of the contents of the files of the Court in this action and a related action.  The Court is respectfully requested to take notice of Exhibit Nos. 1 through 10, inclusive, which are attached hereto.

4.      I represented South Sea Metal, Inc. ("South Sea") at all times from February 2010 through the present in an action entitled, *"Falcon Stainless, Inc. v. Rino Companies, Inc., et al. (including South Sea),"* Case No. SACV 08-926 AHS (MLGx) (the "*Rino* case") in the files of this Court, and I tried the *Rino* case on behalf of South Sea to a jury from February 8 through 25, 2011, attending every session of the trial.

5.      Wu also attended every day of the trial of the *Rino* case, and gave testimony on behalf of South Sea on the seventh, eighth and ninth days of trial, February 16, 17, and 18, 2011.  Previously, Wu was deposed in the *Rino* case on July 28 and 29, 2010 for more than seven hours as South Sea's designated representative, the person most knowledgeable to speak of behalf of that corporation.

6.      Attached hereto as Exhibit 1 is a true and correct copy of the Complaint in the *Rino* case filed on August 15, 2008 (*Rino* ECF 1).

*Declaration of Howard S Fredman & Request for Judicial Notice*
*Re Motion by Wu for Judgment on the Pleadings*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7.      Attached hereto as Exhibit 2 is a true and correct copy of the Motion of Falcon Stainless, Inc. ("Falcon") for Leave to File a First Amended Complaint (*Rino* ECF152) filed on April 15, 2010 in the *Rino* action.

8.      Attached hereto as Exhibit 3 is a true and correct copy of the Proposed First Amended Complaint (*Rino* ECF153) lodged by Falcon in connection with its Motion for Leave to File a First Amended Complaint, which was lodged on April 15, 2010 in the *Rino* action.

9.      Attached hereto as Exhibit 4 is a true and correct copy of the opposition filed by South Sea in response to Falcon's Motion for Leave to Amend. (*Rino* ECF168).

10.      Attached hereto as Exhibit 5 is a true and correct copy of the order denying Falcon's Motion for Leave to File a First Amended Complaint, entered on April 29, 2010 in the *Rino* case.  (*Rino* ECF190.)

11.      Attached hereto as Exhibit 6 is a true and correct copy of the Complaint filed in this action on June 22, 2010, against Larsen Supply Company, Inc. dba Lasco, James Kemp, Wu, and Does 1 through 10, Case Number CV10-4587 JHN (AJWx) in the files of this Court (the "*Larsen* action"). (*Larsen* ECF1.)

12.      Attached hereto as Exhibit 7 is a true and correct copy of the Order Declining Transfer Pursuant to General Order 08-05 (Related Cases) filed in the *Larsen* action on July 1, 2010, stating Judge Stotler's reason for the declination as "Senior status."  (*Larsen* ECF4.)

13.      Attached hereto as Exhibit 8 is a true and correct copy of the Final Pretrial Conference Order in the *Rino* case, which was approved and entered on January 20, 2011 (*Rino* ECF 337).

-3-

*Declaration of Howard S Fredman & Request for Judicial Notice*
*Re Motion by Wu for Judgment on the Pleadings*

14.     Attached hereto as Exhibit 9 is a true and correct copy of the general Verdict with answers to written questions filed in the *Rino* action on February 25, 2011.  (*Rino* ECF 407.)

15.     Attached hereto as Exhibit 10 is a true and correct copy of the Minute Order entered by Judge Stotler in the *Rino* case on April 8, 2011 relating to further proceedings in that case.  (*Rino* ECF 438.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this was executed in Los Angeles, California on April 18, 2011.


                            /s/ Howard S Fredman
                            Howard S Fredman,  Declarant

-4-

*Declaration of Howard S Fredman & Request for Judicial Notice*
*Re Motion by Wu for Judgment on the Pleadings*

Exhibit 1

FILED

Scott M. Sanders, Esq. SBN 135753
SANDERS & MONTALTO, LLP
3440 Torrance Blvd. Suite 104
Torrance, CA 90503
Phone: (310) 792-4949
Fax: (310) 316-9465
scott@sandersmontalto.com

2008 AUG 15  PM 2: 14

CLERK U.S. ... COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY:_____

Milord Keshishian, SBN 197835
John Jahrmarkt, SBN 175569
MILORD & ASSOCIATES, PC
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
Telephone:  (310) 446-8970
Facsimile: (310) 446-8979
milord@milordlaw.com
john@milordlaw.com

Attorneys for Plaintiff
FALCON STAINLESS, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SACV08-926 AHS (MLGx)

FALCON STAINLESS, INC., a
California corporation,

                    PLAINTIFF,

          v.

RINO COMPANIES, INC. dba RINO
FLEX CONNECTORS and dba
Performance Sales, a California
corporation; PERFORMANCE
SALES, INC., a California
corporation; SOUTHSEA METAL,
INC., a California corporation; JOHN
NOVELLO dba PERFORMANCE
SALES, an individual; HARRY
RIEGER, an individual; and DOES 1-
10, inclusive,

DEFENDANTS.

Case No.:

COMPLAINT FOR:

1) False Designation of Origin, 15
U.S.C. §1125(a);

2) False Advertising, 15 U.S.C.
§1125(a);

3) Common Law Trademark
Infringement;

4) Intentional Interference with
Prospective Economic
Advantage;

5) Trade Libel/Product
Disparagement

6) Statutory Unfair Competition
B.P.C. § 17200

7) Accounting; and

Demand For Jury Trial

-1-

COMPLAINT – Demand for Jury Trial

1         Plaintiff Falcon Stainless, Inc. ("Falcon") complains of the defendants and alleges

2   as follows:

3   **INTRODUCTION**

4       1.    This is an action to enforce the intellectual property rights of plaintiff Falcon

5   against defendants – former sales representatives of Falcon's products – to put a stop to

6   the Defendants' scheme to trade on Falcon's trademarks, intellectual property and

7   reputation for quality, with inferior products and through deceptive advertising and unfair

8   competition.  First, Defendants have recently embarked on an astonishingly false

9   advertising campaign to unfairly compete with Falcon for customers by misrepresenting

10  Defendants' products as a higher quality substitute for Falcon's products, by offering their

11  inferior products at a lower price than Falcon can offer for its high-quality products, and

12  by misrepresenting that Defendants' products comply with industry standards (as

13  Falcon's products do) when in fact they do not and are prone to failure.  By this strategy,

14  Defendants have sought to co-opt the reputation for quality that Falcon has spent years

15  building, while disparaging Falcon's products.  Second, Defendants targeted Falcon's

16  existing customers by (a) adopting a confusingly similar trademark for their products; (b)

17  adopting a confusingly similar product numbering system for their products; (c) using the

18  same salesperson (Novello) that had promoted Falcon products to promote Rino products

19  to the same customers, without disclosing that Novello was no longer representing Falcon

20  products.

21      2.    Defendants' egregious tortious conduct has in fact resulted in rampant actual

22  confusion where:

23          *a.*  customers have placed orders with Falcon for Rino products,

24          *b.*  customers have used Rino's infringing part numbers in orders

25              submitted to Falcon, and,

26          *c.*  defective Rino products have been returned to Falcon, under the

27              wrong perception that Falcon manufactured them.

28      3.    As a result of Defendants' scheme, Falcon has lost hundreds of thousands of

MILORD & ASSOCIATES, P.C.
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 446-8870

-2-

1   dollars in sales to existing customers, if not more; and others have refused to carry Falcon

2   product unless Falcon meets or beats the lower prices offered by Rino for products that

3   Rino misrepresents as exceeding Falcon in quality.

4

5                               **JURISDICTION**

6        4.    These causes of action arise under the provisions of the Lanham Act (15

7   U.S.C. §§1051-1127), the law of the State of California, and the common law.  This Court

8   has subject matter jurisdiction over the First and Second Causes of Action pursuant to 28

9   U.S.C. §§1331 and 1338(a) and 15 U.S.C. §1125.  This Court has subject matter

10  jurisdiction over the Third through Seventh Causes of Action under 28 U.S.C. §1367(a)

11  because these are claims that are so related to claims within the original jurisdiction of

12  this Court under the trademark and unfair competition laws of the United States that they

13  form part of the same case or controversy.

14       5.    Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c)

15  because the events giving rise to this action occurred in this district, namely the

16  Defendants have, among other acts, marketed and sold in this district products using a

17  mark confusingly similar to Plaintiff's, and which infringe Plaintiff's copyrights, and

18  because the Defendants' actions have resulted in acts of trademark infringement and

19  unfair competition throughout the State of California.

20

21                              **THE PARTIES**

22       6.    Plaintiff Falcon is and at all times herein mentioned was a corporation

23  organized and existing under the laws of the State of California, with a principal place of

24  business in the  city of Sun Valley, Los Angeles County, California.

25       7.    Upon information and belief, defendant Rino Companies, Inc., dba Rino Flex

26  Connectors and dba Performance Sales ("Rino"), is a corporation organized and existing

27  under the laws of the State of California, with a principal place of business in the City of

28  Orange, Orange County, California.

MILORD & ASSOCIATES, P.C.
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 446-8970

-3-

COMPLAINT – Demand for Jury Trial

MILORD & ASSOCIATES, P.C.
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 446-8570

8.    Upon information and belief, defendant SouthSea Metal, Inc. ("SouthSea Metal") is a corporation organized and existing under the laws of the State of California, with a principal place of business in the City of Orange, Orange County, California.

9.    Upon information and belief, defendant Performance Sales, Inc. is a corporation organized and existing under the laws of the State of California, with a principal place of business in the City of Orange, Orange County, California.

10.    Upon information and belief, defendant John Novello (hereinafter "Novello") is and at all times herein mentioned was an individual residing in the city of Santa Ana, Orange County, California, and a principal and/or owner of Performance Sales, Inc. and of Rino Companies, Inc.  In addition, Novello individually has done business as "Performance Sales" under a fictitious business name registration.  Plaintiff is further informed and believes, and upon that basis alleges, that Novello is a principal in the corporate defendants and has control over the day to day operations thereof and directly benefits from the tortious conduct alleged herein.

11.    Upon information and belief, Harry Rieger (hereinafter "Rieger") is and at all times herein mentioned was an individual residing in the city of Yorba Linda, Orange County, California, and a principal and/or owner of Performance Sales, Inc. and of Rino Companies, Inc.  Plaintiff is further informed and believes, and upon that basis alleges, that Rieger is a principal in the corporate defendants and has control over the day to day operations thereof and directly benefits from the tortious conduct alleged herein.

12.    Falcon is unaware of the true names and capacities of DOES 1 through 10, inclusive, and therefore sues said defendants by such fictitious names.  Falcon will ask leave of Court to amend this Complaint to state the true names and capacities of the defendants sued as DOES when the same are ascertained.  Falcon is informed and believes, and based thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that Falcon's damages, as herein alleged, were proximately caused by their conduct.

13.    At all material times herein, each defendant was the agent, servant, and

-4-

COMPLAINT – Demand for Jury Trial

1  employee of their co-defendants, and in doing things herein alleged were acting in the

2  scope of their authority as such agents, servants, and employees, and with the permission

3  and consent of their co-defendants.

4

5  **FACTUAL BACKGROUND**

6      14.   Falcon manufactures corrugated stainless steel flexible potable water

7  connectors (*i.e.* bendable metal tubing used in certain plumbing applications).

8      15.   Over the more than twenty-five years that Falcon has been in business, it has

9  established a reputation as a leading producer of top-quality products.  Falcon has been

10  able to maintain its high standards and excellent reputation at least partly due to the care

11  and control it exercises over the manufacturing of its products.  Falcon's prices

12  appropriately reflect the quality and workmanship of its products.  Falcon's products are

13  used in both residential and commercial applications throughout the world, and are sold

14  in the United States, Canada, Europe, Australia and New Zealand.

15      16.   Falcon products are sold through authorized sales representatives, each of

16  which has an exclusive contract to sell products in a given territory, to plumbing

17  wholesalers, water treatment and purification companies, "big box" retail outlets, and

18  direct to the trade (for example, to contractors and installers).

19      17.   Falcon engages in continuous efforts to enhance and improve its products,

20  and since 1990 has made several improvements which have added to the flexibility of its

21  connectors while increasing their strength and their flow.  Among these is the fact that

22  Falcon was the first company in its industry to achieve a maximum inner diameter

23  measurement for its flexible water connectors, which is a highly desirable characteristic

24  in that it allows for maximum water flow.

25      18.   Falcon products are certified by IAPMO (the International Association of

26  Plumbing and Mechanical Officials), which regulates and sets the standards for plumbing

27  products, and by the cUPC (the Canadian standard-setting body), the city of Los Angeles,

28  and the State of Wisconsin, among others.

MILORD & ASSOCIATES, P.C.
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 446-8970

-5-

COMPLAINT – Demand for Jury Trial

19.   Pursuant to IAPMO requirements, a paper label containing Falcon's name, part number, and other identifying information, is attached to every Falcon product.  Also pursuant to IAPMO requirements, during the manufacturing process every Falcon product is also stamped on one end with a mark, consisting of an "F" within a diamond ("Diamond "F" Mark") – which was first adopted by Falcon in 1990, so that if the paper label is removed or no longer attached to a connector, it can be identified as a genuine Falcon product.

20.   Additionally, each Falcon product bears a distinctive part number ("Falcon Part Marks"), which product numbering was first adopted in 1990.  The Falcon Part Marks are recognized by the public as signifying Falcon and its products and Falcon has sold over sixteen-million dollars of parts bearing its distinctive Falcon Part Marks.  To the extent necessary, as a result of Falcon's extensive sales, promotion and advertising, the Falcon Part Marks have acquired secondary meaning before Defendants' adoption of confusingly similar marks.

21.   From approximately October 1997 through 2004, Novello, through Performance Sales, was an authorized sales representative of Falcon, pursuant to a written contract entered October 23, 1997, originally for a one-year term, subject to renewal at one-year intervals, and terminable by either party upon thirty days written notice.

22.   As a result of and in the course of Novello's representation of Falcon, Novello acquired particularized knowledge of, among other things, certain technical aspects of Falcon's products, Falcon's pricing structure(s) and profit margins; the identities of Falcon's customers, Falcon's part numbering system in customer databases, the customers' individual contacts, and the products they purchase from Falcon; the terms on which Falcon does business with certain customers; and Falcon's production schedules.

23.   The information given to Novello as Falcon's exclusive California sales representative was not publicly known or available, and is not disclosed by Falcon to

MILORD & ASSOCIATES, P.C.
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 446-8970

-6-

1    others except on a need-to-know basis.

2         24.    Falcon gave Novello written notice of termination of the sales representative

3    agreement on or about July 22, 2004, because Novello refused to abide by Falcon's

4    business policies.

5         25.    Novello subsequently refused to return or pay for Falcon product samples

6    that had been provided for his use in representing Falcon's products pursuant to the sales

7    representative agreement.

8         26.    Falcon has learned that a company called SouthSea Metal was publishing

9    advertisements to sell a corrugated metal water connector bearing an "S" within a

10   diamond mark ("Infringing S Mark") substantially similar to Falcon's Diamond "F"

11   Mark.

12        27.    Also, Falcon learned that a company named "Rino Flex Connectors" was

13   publishing advertisements to sell what it claimed to be the same (or better) quality

14   product as Falcon's flexible corrugated stainless tubing, but at a much lower price.  On

15   information and belief, Rino is the marketing entity for products manufactured by

16   SouthSea Metal.

17        28.    In or about February of 2008, Falcon confirmed that since at least late 2007,

18   Rino has copied virtually Falcon's entire line of commercially-available products, and

19   Defendants have actively tried to both (a) create confusion among purchasers as to

20   whether they are purchasing Falcon or Rino products; and (b) undercut Falcon's sales and

21   customer relationships, by claiming to offer an equivalent or superior product to Falcon's,

22   at a lower price.

23        29.    Among other things, Rino has stated in written advertisements, disseminated

24   to, among others, plumbing distributors and contractors via personal delivery, fax, mail

25   and email, that its products are less expensive and have better water flow than similar

26   parts made by Falcon Stainless, Inc.  One such ad stated a **physical impossibility**, that

27   the *inner* diameter of Rino's ¾-inch tubing is *larger* than the *outer* diameter of the

28   product -- based on which, Rino calculated that the water flow for its product exceeds

MILORD & ASSOCIATES, P.C.
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 446-8970

-7-

1   that for the corresponding Falcon product by almost a gallon per minute.  As such, Rino's
2   representation, at least in this ad, was false on its face.  A true and correct copy of this
3   advertisement is attached hereto as Exhibit "A."

4         30.   Rino went so far as to state in its advertisement that "RINO BEATS THE
5   BIRD" (see Exhibit "A").  Upon information and belief, no other manufacturer of
6   flexible water connectors makes reference to a bird in general or to any particular type of
7   bird in its name or in its logo, other than Falcon.  Rino's statement that "RINO BEATS
8   THE BIRD" was a direct reference to Falcon, whose product is listed directly below
9   Rino's product in a comparison chart in Rino's ads.

10         31.   Upon information and belief, Rino's statement that "RINO BEATS THE
11   BIRD" was intended to disparage Falcon and its water connector products.

12         32.   Defendants have also represented in advertisements sent to customers and
13   distributors, including Falcon customers and distributors, that Rino products meet
14   standards set by the American Society of Mechanical Engineers ("ASME"), and
15   specifically ASME 112.18.6, which sets specific standards for flexible water connectors
16   used in potable water systems, including physical and performance requirements, test
17   methods, materials, connections, features of construction of the finished product, and the
18   method of marking and identification.  Defendants' website pages containing literally
19   false and libelous statements are attached hereto as EXHIBIT "B".

20         33.   Defendants' representations regarding the capacity of Rino's products and
21   their compliance with industry standards and codes are and were false at the times when
22   they were made.  In fact, Rino's products do not meet industry standards and are not in
23   compliance with applicable building codes.  Among other things, Rino's flexible
24   connectors do not meet the ASME minimum thickness requirements.

25         34.   Upon information and belief, Defendants are able to offer Rino/SouthSea
26   Metal products at lower prices than Falcon charges for its products because (a)
27   Rino/SouthSea Metal products do not meet Falcon's and industry quality and
28   performance standards, and are manufactured using non-compliant materials; (b) Rino

MILORD & ASSOCIATES, P.C.
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 446-6570

-8-

1  has not had the same startup or development costs that Falcon had – because Novello and

2  Performance Sales had access to all of that information when they worked for Falcon, in

3  addition to Falcon's customer and pricing information; and (c) by using part numbers that

4  infringe the Falcon Part Marks, Defendants have misdirected sales intended for Falcon to

5  Defendants.

6       35.  Notwithstanding that defendants' products do not meet industry standards

7  and are inferior to Falcon's products, customers – misled by Defendants' false advertising

8  – are demanding that Falcon match the prices and rebate terms offered by defendants, and

9  have refused and are refusing to do business with Falcon, unless Falcon does so.

10       36.  In addition to incorrectly and falsely advertising that Defendants' products

11  offer features superior to those of Falcon's products, Defendants have created and are

12  creating confusion in the marketplace by deliberately adopting and using product

13  numbers which are substantially identical to the Falcon Part Marks and its Diamond "F"

14  Mark.

15       37.  Upon information and belief, as a result of Defendants' use of Falcon's

16  Diamond "F" Mark and Falcon Part Marks, customers seeking to purchase Falcon

17  products have been sold Defendants' inferior products.  Defendants have no legitimate

18  reason to use part numbers that infringe on Falcon Part Marks because other competitors'

19  products are identified by part numbers that are substantially different from those of

20  Falcon.

21       38.  Defendants are marketing their inferior products to some or all of the same

22  customers to whom Novello and Performance Sales marketed Falcon's products under

23  the sales representative agreement.  Upon information and belief, Defendants have

24  intentionally not informed customers that they no longer represent or sell Falcon products

25  and substitute their inferior product when a customer intends to order Falcon products.

26       39.  Defendants' advertising and representations have caused, and continue to

27  cause, confusion within the industry, and damage to Falcon, including economic and

28  reputation damage.  Among other things, Rino customers have returned defective and/or

MILORD & ASSOCIATES, P.C.
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 446-8970

-9-

Case 2:10-cv-04587-JHN-AJW   Document 23-1   Filed 04/18/11   Page 15 of 30   Page ID
#:225
Case 8:08-cv-00926-AHS-MLG      Document 1      Filed 08/15/2008      Page 10 of 35

1   inferior Rino products to Falcon, under the mistaken belief the Rino products returned

2   had been manufactured by Falcon; and have sought to order Rino products from Falcon.

3      40.   In the face of Defendants' copying of Falcon's products, trademark, and

4   misrepresentations regarding Rino's and Falcon's products, counsel for Falcon sent a

5   cease and desist letter to Defendants in February, 2008.  No substantive response was

6   ever received, only a representation by Rino's attorney – who is the brother of one of its

7   principals – that he "couldn't reach his clients."

8      41.   In addition to copying Falcon's standard, commercially available water

9   connector products, Falcon has recently received information that Novello is seeking to

10  expand Defendants' incursion into Falcon's proprietary water connector business and

11  customer base.  Falcon has developed certain specialized, proprietary water connectors

12  exclusively for use with patented, proprietary systems developed by certain water

13  softening companies.  Falcon has been the only company to develop and market these

14  connectors, at considerable research and development expense and effort.  They are not

15  readily available for sale at retail or wholesale, except to the companies for whom they

16  have been custom made.

17     42.   On or about April 14, 2008, Novello asked a Falcon wholesaler/distributor to

18  provide samples of these connectors to him – upon information and belief, because

19  Defendants intend to copy these connectors and pursue this specialty market, which only

20  Falcon had serviced, previously.

21     43.   As a result of Defendants' wrongful conduct, Falcon has lost hundreds of

22  thousands of dollars of business, possibly more, and its reputation is being severely

23  harmed.  If defendants' unfair trade practices are not discontinued quickly, it is likely that

24  the damage to Falcon will grow exponentially, causing irreparable harm to its business,

25  and to the reputation for quality that Falcon has worked so hard to establish.

26  //

27  //

28  //

MILORD & ASSOCIATES, P.C.
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 446-8970

-10-

COMPLAINT – Demand for Jury Trial

Case 8:08-cv-00926-AHS-MLG    Document 1    Filed 08/15/2008    Page 11 of 35

**FIRST CAUSE OF ACTION**
False Designation of Origin, 15 U.S.C. §1125(a)
(Against All Defendants)

44.   Plaintiff realleges and incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

45.   By virtue of the distinctiveness of the Diamond "F" Mark, and the continuous use of that mark, sales of products bearing that mark, and use in commerce by Falcon of that mark in connection with its corrugated stainless steel flexible water connecters, the Diamond "F" Mark came to identify the goods of Falcon and to distinguish Falcon's goods from those of others and, if necessary, acquired secondary meaning before adoption of a confusingly similar mark by Defendants.

46.   By virtue of the distinctiveness of the Falcon Part Marks, and the continuous use of that mark, sales of products bearing that mark, and use in commerce by Falcon of that mark in connection with its corrugated stainless steel flexible water connecters, the Falcon Part Marks came to identify the goods of Falcon and to distinguish Falcon's goods from those of others and, if necessary, acquired secondary meaning before adoption of a confusingly similar mark by Defendants.

47.   The use in commerce by Defendants of the confusingly similar Infringing S Mark and part numbering system, in connection with sales of water connectors, is a false designation of origin and misleading representation in that such use is likely to cause confusion, mistake and/or deceive as to the affiliation, connection or association of Defendants with Falcon, and as to the origin, sponsorship and/or approval by Falcon of Defendants, and/or of the goods of Defendants.

48.   Upon information and belief, Defendants' use of the Infringing S Mark and part numbering system has in fact caused confusion, mistake and deception among the consumers of corrugated stainless steel flexible water connecters, as to the source of the Rino/SouthSea Metal products.

49.   Upon information and belief, Defendants acted intentionally, with knowledge of, and in willful and conscious disregard of Falcon's rights to Diamond "F"

MILORD & ASSOCIATES, P.C.
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 446-8970

-11-

Mark and Falcon Part Marks.

50.   Falcon lacks an adequate remedy at law.

51.   As a result of the acts of Defendants, Falcon has suffered and will continue to suffer irreparable injury, including injury to the value of its trademark, its proprietary bar code numbering system, its product identity, control over its goodwill and reputation, and ability to move into new markets.

52.   As a result of the acts of Defendants, Defendants have been and will continue to be unjustly enriched by profits which Defendants have made in connection with the sale of goods bearing the Infringing S Mark, and using the confusingly similar product numbering system derived from Falcon's proprietary Falcon Part Marks.

53.   As a result of the acts of Defendants, Falcon has suffered and will continue to suffer monetary damages in an amount not yet determined.  Additionally, Falcon has incurred and will continue to incur liability for costs and attorneys' fees.

54.   Falcon's damage to its goodwill and reputation is such as to warrant the trebling of damages in order to provide just compensation.

55.   By their acts, Defendants have violated §43(a) of the Lanham Act, 15 U.S.C. §1125(a), and unless Defendants are restrained and enjoined by this Court, their actions will continue to cause irreparable harm and injury to Falcon.

**SECOND CAUSE OF ACTION**
False Advertising, 15 U.S.C. §1125(a)
(Against All Defendants)

56.   Plaintiff realleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

57.   By virtue of their advertising the products manufactured by Defendants, as being equal or superior to Falcon's water connectors, including without limitation by claiming that the Rino/SouthSea Metal products: (a) meet ASME 112.18.6, (b) have a larger inner diameter and water flow than Falcon's connectors, and (c) exceed or equal the quality of Falcon's connectors for a lower price, Defendants have misrepresented the

-12-

COMPLAINT – Demand for Jury Trial

MILORD & ASSOCIATES, P.C.
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 446-8970

1  nature, characteristics, and qualities of both Defendants' products and of Falcon's

2  products.

       58.   On information and belief, the aforesaid acts of Defendants constitute false

4  advertising, in that Defendants inform customers that they will be receiving water

5  connectors that are superior to Falcons' water connectors for a lower price, but the truth is

6  that Defendants' products are of inferior quality, are less durable, and do not meet ASME

7  industry standards.

       59.   On information and belief, Defendants acted intentionally, with knowledge

9  of, and in willful and conscious disregard of Falcon's rights, in misrepresenting the

10  nature, characteristics and qualities of Defendants' products and of Falcon's products.

       60.   Falcon lacks an adequate remedy at law.

       61.   As a result of the acts of Defendants, Falcon has suffered and will continue

13  to suffer irreparable injury, including lost sales and profits, injury to the value of its

14  trademark, its product identity, and control over its goodwill, reputation and ability to

15  move into new markets.

       62.   As a result of the acts of Defendants, Defendants have been and will

17  continue to be unjustly enriched by profits that they have made in connection with the

18  advertising, promotion and sale of Defendants' products.

       63.   As a result of the acts of Defendants, Falcon has suffered and will continue

20  to suffer monetary damages in an amount not yet determined.  Additionally, Falcon has

21  incurred and will continue to incur liability for costs and attorneys' fees.

       64.   Falcon's damage to its goodwill and reputation is such as to warrant the

23  trebling of damages in order to provide just compensation.

       65.   By their acts, Defendants have violated §43(a) of the Lanham Act, 15 U.S.C.

25  §1125(a)(1)(B), and unless they are restrained and enjoined by this Court, their actions

26  will continue to cause irreparable harm and injury to Falcon.

27  //

28  //

MILORD & ASSOCIATES, P.C.
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 444-8970

-13-

## THIRD CAUSE OF ACTION
### Common Law Trademark Infringement
### (Against All Defendants)

66. Falcon realleges and incorporates herein by references paragraphs 1 through 65 as though fully set forth herein.

67. By reason of the Defendants' actions alleged herein, Falcon has suffered, and will continue to suffer, irreparable injury to its rights and suffer substantial loss of goodwill, reputation, and in the value of its Diamond "F" Mark and Falcon Part Marks, unless and until the Defendants are enjoined from continuing their wrongful acts.

68. By reason of the Defendants' actions alleged herein, Falcon has been damaged in an amount not presently ascertained, and such damage will continue and increase unless and until the Defendants are enjoined from continuing their wrongful acts.

69. Defendants' conduct in this cause of action is willful, wanton, malicious, oppressive, and in conscious disregard of Falcon's rights in its trademarks, justifying the imposition of punitive and exemplary damages under California Civil Code §3294.

## FOURTH CAUSE OF ACTION
### Intentional Interference with Prospective Economic Advantage
### (Against All Defendants)

70. Falcon realleges and incorporates herein by reference paragraphs 1 through 74 as though fully set forth herein.

71. Falcon has valid business expectancies with its customers and prospective customers of its products. Falcon had a reasonable probability of realizing financial benefit from those customers and prospective customers.

72. Defendants were aware of Falcon's business expectancies with its customers and prospective customers. Defendants knew of Falcon's business relationships with its customers and distributors as a result of Novello's, Rieger's, and Performance Sale's status as Falcon's exclusive California sales representative from approximately from 1997 through 2004, during which time and in which capacity Defendants became aware

MILORD & ASSOCIATES, P.C.
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 446-8970

-14-

Case 2:10-cv-04587-JHN-AJW   Document 23-1   Filed 04/18/11   Page 20 of 30   Page ID
#:230
Case 8:08-cv-00926-AHS-MLG   Document 1   Filed 08/15/2008   Page 15 of 35

of Falcon's various business relationships with its customers and distributors, and of, among other things, certain technical aspects of Falcon's products, Falcon's pricing structure(s) and profit margins; the identities of Falcon's customers, the customer contacts, and the products they purchase from Falcon; the terms on which Falcon does business with certain customers; and Falcon's production schedules.

73.   Plaintiff is informed, believes, and based thereon alleges that Defendants have undertaken intentional acts designed to disrupt the economic relationships between Falcon and its customers and distributors, including but not limited to:  (1) meeting with and/or delivering Defendants' sample products to said customers and distributors of Falcon; (2) adopting an Infringing S Mark for Defendants' products, which is confusingly similar to Diamond "F" Mark; (3) adopting a product numbering system which is confusingly similar to Falcon's proprietary Falcon Part Marks; (4) making false and untrue statements about their own and Falcon's products in their advertising materials; and (5) not disclosing to customers that their right to sell Falcon's product was terminated and that customer's would receive Defendants' products instead of their intended Falcon products.  All of the foregoing actions by Defendants were undertaken with the intention of causing third parties to do business with Defendants rather than with Falcon, to induce said customers and distributors to purchase Defendants' manufactured products instead of purchasing Falcon's, thereby depriving Falcon of the profits and other benefits to be derived from sales of its products, and depriving Falcon of its intellectual property rights and the value and benefits thereof, and otherwise causing injury to Falcon and its business.

74.   Numerous Falcon distributors and customers have reduced their normal orders from Falcon, or ceased ordering products from Falcon, as a proximate result of Defendants' conduct as alleged herein, thus causing Falcon to lose sales and profits.  In addition, upon information and belief, as a proximate result of Defendants' conduct as alleged herein, certain other potential distributors and customers of Falcon have been dissuaded from ordering Falcon products as a result of the intentional acts of Defendants,

-15-

1   causing Falcon to lose sales and profits.

2       75.   As a proximate result of the Defendants' actions alleged herein, Falcon has

3   suffered, and will continue to suffer, irreparable injury to its rights and suffer substantial

4   loss of goodwill, reputation, and in the value of its Diamond "F" Mark, and in the value

5   of its proprietary Falcon Part Marks, unless and until the Defendants are enjoined from

6   continuing their wrongful acts.

7       76.   As a proximate result of the Defendants' actions alleged herein, Falcon has

8   been damaged in an amount not presently ascertained, and such damage will continue and

9   increase unless and until the Defendants are enjoined from continuing their wrongful

10  acts.

11      77.   Defendants' conduct is and has been willful, wanton, malicious, oppressive,

12  and in conscious disregard of Falcon's rights in its trademark, justifying the imposition of

13  punitive and exemplary damages under California Civil Code §3294.

14      78.   Defendants threaten to, and unless restrained will disrupt further business

15  with existing and potential customers and distributors of Falcon products, and/or will

16  further interfere with other existing and potential customers and distributors of Falcon

17  products, for which damages would not afford adequate relief, in that they would not

18  completely compensate Falcon for the injury to Falcon's business reputation and good

19  will.

20

### FIFTH CAUSE OF ACTION
Trade Libel/Product Disparagement
(Against All Defendants)

21

22

23      79.   Falcon realleges and incorporates herein by reference paragraphs 1 through

24  78 as though fully set forth herein.

25      80.   Falcon's products previously enjoyed a good reputation in the community.

26  Those products were disparaged by Defendants' assertions that Falcon's products were of

27  inferior quality, that the flow of fluid was lower in Falcon's products than those of

28  Defendants', that Defendants' products meet ASME's industry standards with an

MILORD & ASSOCIATES, P.C.
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 446-8970

-16-

Case 2:10-cv-04587-JHN-AJW   Document 23-1   Filed 04/18/11   Page 22 of 30   Page ID
#:232
Case 8:08-cv-00926-AHS-MLG     Document 1     Filed 08/15/2008     Page 17 of 35

1   implication that Falcon's products do not, that Falcon's products are less durable than

2   Falcon's products, and that "RINO BEATS THE BIRD." A copy of the publications

3   containing the defamatory statements are attached to this complaint as Exhibits A and B.

4        81.   The statements were disparaging in that Falcon's products are of higher

5   quality and durability, and – unlike Defendants' products – meet ASME industry

6   standards, Falcon's products flow as much water – if not more – than Defendants'

7   products and at least one member of the public understood them to be disparaging in that

8   customers demanded that Falcon meet Defendants' lower prices based on the deceptive

9   advertising of Defendants.

10        82.   Defendants' assertions were false because Defendants' products – unlike

11   Falcon's products – do not meet ASME industry standards, Falcon's products are more

12   durable, and Falcon's products flow more fluid than Defendants' products.

13        83.   Defendants' assertions were published to at least one third party through

14   email advertising, direct mail advertising, through Defendants' website, and product

15   handouts distributed at trade shows.

16        84.   As a direct and legal result of Defendants' publication of false assertions,

17   Falcon has suffered the following damages in respect of its property, business, trade,

18   profession, or occupation:

19                 a.  The cost of laboratories engaged to test the parties products to refute

20                    Defendants false advertising in the amount of $3,000.00;

21                 b.  Investigation costs in the amount of $1,077.60;

22                 c.  Lost sales in California of at least $276,171.79; and,

23                 d.  Falcon is not privy to documents in Defendants' possession showing

24                    the full extent of its damages and will amend its damages calculation

25                    according to proof at trial.

26        85.   Such assertions also were not privileged because they are literally false.

27        86.   Defendant knew that such statements were false, or acted with reckless

28   disregard as to their truth or falsity, in that it was fully aware of the durability issues

MILORD & ASSOCIATES, P.C.
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 446-8870

-17-

Case 2:10-cv-04587-JHN-AJW   Document 23-1   Filed 04/18/11   Page 23 of 30   Page ID
#:233
Case 8:08-cv-00926-AHS-MLG      Document 1      Filed 08/15/2008      Page 18 of 35

1   associated with Defendants' products, that its products did not flow more water than

2   Falcon's products, that Defendants' products did not meet ASME standards, that in fact

3   Defendants' products do not beat Falcon's products.

4        87.   Defendant's publications are ongoing, in that they continue to be published to

5   Falcon's customers and prospective customers and to third-party distributors.  Also, as of

6   the date of this filing, Defendant's website publishes some, if not all, of these false

7   statements.

8        88.   Money damages will not make Falcon whole for the injury occasioned by

9   these continuing statements.  Unless enjoined by this Court, these false and damaging

10   statements will continue.

11        89.   Defendants' conduct is and has been willful, wanton, malicious, oppressive,

12   and in conscious disregard of Falcon's rights in its trademark, justifying the imposition of

13   punitive and exemplary damages under California Civil Code §3294.

14        90.   An actual controversy exists between Falcon and Defendants in that

15   Defendants have asserted and continue to assert the disparaging assertions, and unless

16   this Court issues declaratory relief, will continue to repeat such disparaging assertions.

17

18   **SIXTH CAUSE OF ACTION**
Statutory Unfair Competition, Cal. Bus. & Prof. Code § 17200
Against All Defendants

19

20        91.   Falcon realleges and incorporates herein by reference paragraphs 1 through

21   90 as though fully set forth herein.

22        92.   Defendants' sending and distributing communications with literally false and

23   misleading statements to Falcon's customers and prospective customers constitutes

24   unlawful and unfair business acts and unfair, deceptive, untrue and misleading

25   advertising and thus constitutes unfair competition in violation of § 17200 et. seq. of the

26   California Business and Professions Code.

27        93.   Falcon is informed and believes and thereon alleges that unless restrained by

28   this Court, Defendants will continue the aforesaid unlawful and unfair business acts, and

MILORD & ASSOCIATES, P.C.
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 446-6970

-18-

1  pecuniary compensation will not afford Falcon adequate relief for the damage to its

2  business in the public perception.

### SEVENTH CAUSE OF ACTION
#### Accounting
#### (Against All Defendants)

6      94.    Falcon realleges and incorporates herein by reference paragraphs 1 through

7  93 as though fully set forth herein.

8      95.    Between at least 2007 and the present, Defendants have undertaken

9  numerous sales transactions with Falcon's customers and distributors, and have received

10  substantial profits from the sales of their products thereto.

11     96.    The amount of money thereby received by said Defendants is unknown to

12  Falcon, and cannot be ascertained without an accounting of the disbursements to and

13  receipts from said customers of Falcon by defendants.  Falcon is informed and believes

14  and based thereon alleges the amount owed, however, is in a sum not less than

15  $1,000,000.00, and will continue to increase as defendants make further sales to Falcon's

16  customers/distributors.

17     97.    Falcon has demanded an accounting from Defendants and payment of the

18  sums by which defendants wrongfully profited.  However, Defendants have failed and

19  refused, and continue to fail and refuse, to provide such accounting to Falcon, and to pay

20  the sums owed.

22  ## **PRAYER FOR RELIEF**

23        WHEREFORE Falcon prays for judgment against Defendants, and each of

24  them, as follows:

25     1.     That all of the Defendants, their officers, partners, employees, agents,

26  representatives, attorneys and all persons acting or claiming to act on their behalf or

27  under their direction or authority and all persons acting in concert or participation with

28  the Defendants, be enjoined during the pending of this action and thereafter perpetually

MILORD & ASSOCIATES, P.C.
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 446-8970

-19-

COMPLAINT – Demand for Jury Trial

Case 2:10-cv-04587-JHN-AJW   Document 23-1   Filed 04/18/11   Page 25 of 30   Page ID
#:235
Case 8:08-cv-00926-AHS-MLG      Document 1      Filed 08/15/2008      Page 20 of 35

from:

    (a)   using the Infringing S Mark or any other confusingly similar phrase, designation or mark which is a colorable imitation of or is confusingly similar to Falcon's Diamond "F" Mark in connection with the manufacture, production, advertising, distribution, offering for sale or sale of goods not originating from Falcon or authorized by Falcon;

    (b)   using the product numbering system currently employed by Defendants, or any other confusingly similar product numbering system that is a colorable imitation of or is confusingly similar to Falcon's proprietary bar code numbering system and the Falcon Part Marks in connection with the manufacture, production, advertising, distribution, offering for sale or sale of goods not originating from Falcon or authorized by Falcon;

    (c)   representing in any manner or by any method whatsoever that goods provided by Defendants are sponsored, approved, authorized by or originate from Falcon or from otherwise taking any action likely to cause confusion, mistake or deception as to the origin, approval, sponsorship or certification of such goods;

    (d)   representing in any manner or by any method whatsoever that goods provided by Defendants meet or comply with industry standards and/or codes, including but not limited to ASME 112.18.6, when they do not do so;

    (e)   representing in any manner or by any method whatsoever that goods provided by Defendants meet minimum thickness requirements, when they do not do so;

    (f)   representing in any manner or by any method whatsoever that "Rino Beats The Bird" or any colorable imitation thereof;

    (g)   representing in any manner that Defendants' products have a higher

MILORD & ASSOCIATES, P.C.
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 446-8570

-20-

1    rate of water flow than Falcon's products or that "Rino Connector's

2    Flow Rate Exceeds Any Connector On The Market";

3    (h)    representing in any manner that "Rino Flex Beats The Competition In

4    Flexibility And Dependability" or any colorable imitation thereof;

5    (i)    representing in any manner that Defendants' products are "the

6    strongest, most dependable flex connector in the industry";

7    (j)    representing in any manner that Defendants' products' inner diameter

8    is larger than its outer diameter;

9    (k)    representing in any manner "Largest ID [inner diameter] on the

10    market and still the most flexible hands down over the competition";

11    and,

12    (f)    unfairly competing with Falcon in any manner.

13    2.    For an order requiring Defendants to file with the Court and serve upon

14    Falcon's counsel within thirty days after entry of the order of injunction, a report setting

15    forth the manner and form in which Defendants have complied with the injunction.

16    3.    For an order finding that, by the acts complained of herein, Defendants have

17    engaged in false designation of origin in violation of Section 43(a) of the Lanham Act, 15

18    U.S.C. §1125(a).

19    4.    For an order finding that, by the acts complained of herein, Defendants have

20    engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C.

21    §1125(a).

22    5.    For an order finding that, by the acts complained of herein, Defendants have

23    engaged in false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C.

24    §1125(a).

25    6.    For an order finding that, by the acts complained of herein, Defendants have

26    engaged in common law trademark infringement and that such conduct has been willful.

27    7.    For an order awarding general and/or specific damages, in an amount to be

28    fixed by the Court in accordance with proof, including punitive and exemplary damages

MILORD & ASSOCIATES, P.C.
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 446-8970

-21-

COMPLAINT – Demand for Jury Trial

1 as appropriate, as well as all of Defendants' profits or gains of any kind resulting from

2 each cause of action, and further for an order awarding treble damages, pursuant to 15

3 U.S.C. § 117(b), because the acts of unfair competition, false designation of origin and

4 false advertising were willful and wanton.

5     8.     For an order finding that an award of prejudgment interest is necessary to

6 fully compensate Falcon for the damage it has sustained.

7     9.     For an order awarding to Falcon all of its costs, including its attorneys' fees

8 incurred in prosecuting this action.

9     10.    For an order requiring Defendants to provide notice to the public and to all

10 customers and others with whom Defendants have been in contact, by means of letter or

11 advertisement, as appropriate, notifying such persons of this lawsuit, and the injunctive

12 decree rendered hereunder, and specifying that the Defendants are in no way associated

13 or affiliated with Falcon and publishing a retraction of the aforementioned false

14 statements.

15     11.    For an accounting between Falcon and Defendants.

16     12.    For payment to Falcon of the amount due from Defendants as a result of the

17 accounting, and interest on that amount at the maximum legal rate.

18     13.    For an order of punitive damages pursuant to Civil Code Section 3294.

19     14.    Awarding Falcon recovery for any unjust enrichment of Defendants.

20     15.    For an order awarding to Falcon such other and further relief as the Court

21 may deem just and proper.

22 Dated: August 15, 2008                    Respectfully submitted:

23                                          SANDERS & MONTALTO, LLP
                                            MILORD & ASSOCIATES, PC
24

25

26 By: _____

27                                          Milord A. Keshishian
                                            Attorneys for Plaintiff
28                                          Falcon Stainless, Inc.

MILORD & ASSOCIATES, P C
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 446-8970

-22-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Falcon hereby requests a trial by jury of any and all issues properly triable by a jury.

Dated: August 15, 2008

Respectfully submitted:

SANDERS & MONTALTO, LLP
MILORD & ASSOCIATES, PC

By: _____
Milord A. Keshishian
Attorneys for Plaintiff
Falcon Stainless, Inc.

MILORD & ASSOCIATES, P C
10880 Wilshire Boulevard, Suite 2070
Los Angeles, CA 90024
(310) 446-8970

-23-

COMPLAINT – Demand for Jury Trial

EXHIBIT A

Case 2:10-cv-04587-JHN-AJW   Document 23-1   Filed 04/18/11   Page 30 of 30   Page ID
#:240
Case 8:08-cv-00926-AHS-MLG     Document 1      Filed 08/15/2008     Page 25 of 35

# RINO FLEX CONNECTORS
### 1226 WEST BARKLEY AVE.
### ORANGE. CA. 92868
### PHONE 800-628-9553   FAX 800-927-7576

## RINO ULTRA FLOW-King of the Jungle

Whether it's Copper, Braided or Stainless no one exceeds RINO FLEX.

"RINO BEATS THE BIRD" Our flow rate 7.24 (GPM) Largest ID on

the market and still the most flexible hands down over the competition!!

**Comparison**

| | | |
|---|---|---|
| Rino Flex SWF 3/4 | 3/4"OD = .787"ID | 7.24GPM |
| Falcon FF Models | 3/4"OD = .720"ID | 6.345 GPM |
| Brasscraft Copper | 3/4"OD = .665"ID | 5.412 GPM |
| Watts Copper | 3/4"OD = .665"ID | 5.412 GPM |
| LSP Aquaflow CSS | 3/4"OD = .625"ID | 4.78 GPM |
| Braided | 3/4"OD = .47"ID | 2.703 GPM |

EXHIBIT A - PAGE 24